## GEORGE DODGE, ADM'R, v. C. N. BENEDICT.

*Contract. Life Support at a Particular Place. Parent and Child. Estates, Settlement of. Administrator.*

The plaintiff's intestate was under an obligation to support his mother during her life, at a particular place, which was always open and suitable for her support. Soon after the son's decease, she went to live with her son-in-law, the defendant, who boarded and cared for her in sickness for several months, without any contract or arrangement with any one; *Held*, that the intestate was not obligated to furnish support at another place, and that his estate was not liable therefor.

ASSUMPSIT brought by the plaintiff, administrator of the estate of Chauncey Gourley, to recover for property bid off by the defendant at an auction sale of the property of the estate of said Chauncey. Heard on a referee's report, September Term, 1886, POWERS, J., presiding. Judgment for the plaintiff to recover the sum of $249.41. The defendant presented a claim in set-off for the expenses incurred in the last sickness of his mother-in-law, Mrs. Lattis Gourley. It appeared that Gurdon Gourley and his wife, Lattis, conveyed one-half of their farm to their son, Chauncey, on January 2, 1862, conditioned for their support " upon the same farm for the term of their and each of their natural lives ; " that at the death of the grantors the other half of the farm was to be the property of said Chauncey ; that said Gourdon deceased in 1874 ; that said Chauncey deceased in January, 1883, and said Lattis in the next August. After the death of her husband, the said Lattis went back and forth from the farm to the defendant's house, calling both places her home ; but during the last few years of her life she was the most at Benedict's. The other facts are sufficiently stated in the opinion.

*E. W. Bisbee*, for the defendant.

The deed when accepted became the mutual act of the par-

ties and a valid contract between them. *Newell* v. *Hill*, 2 Met. 180; *Maine* v. *Comstock*, 98 Mass. 317; 48 N. H. 75; 27 Me. 106. The defendant is entitled to recover for his charges for support. *Sawyer* v. *Hebard*, 58 Vt. 375; *Doane* v. *Doane*, 46 Vt. 485; *Briggs* v. *Briggs*, 46 Vt. 571; *Thayer* v. *Richards*, 19 Pick. 398; *Fiske* v. *Fiske*, 20 Pick. 499, 503.

Assumpsit is the proper remedy for a breach of a stipulation in a deed poll. *Johnson* v. *Muzzy*, 45 Vt. 419; *Newell* v. *Hill*, 2 Met. 180; *Goodwin* v. *Gilbert*, 9 Mass. 510; *Pike* v. *Brown*, 7 Cush. 133; *Hinsdale* v. *Humphry*, 15 Conn. 431.

*Heath & Willard*, for the plaintiff.

The offset should be disallowed: (1) Because no debt was created between Lattis and the defendant; (2) because there was no liability to support except at the farm; (3) because the rights of the parties cannot be enforced by a plea in offset; (4) Because there is no privity between the parties to this suit. There is no debt. *Davis* v. *Goodenow*, 27 Vt. 715. There was no liability to support except on the farm. *Jenkins* v. *Stetson*, 9 Allen, 128. At law a party has no remedy for a breach of the condition of a conditional deed, except ejectment. 1 Greenl. Cr. 466, 504; *Wheeler* v. *Walker*, 6 Conn. 196; Wat. Set-off; R. L. s. 915.

The opinion of the court was delivered by

Ross, J. The only question in this court is whether the defendant should be allowed, in set-off, his claim for taking care of Lattis Gourley during her last sickness. The plaintiff's intestate, by the terms of the deed from Gurdon Gourley, was bound to support her on the farm where he deceased. After the decease of Gurdon, she did not live continuously upon the farm. In the fall of 1882 she was taken sick in Moretown. While she was there sick, the intestate deceased. Very soon after his decease, Lattis was able to have been moved to the farm, was moved to the defendant's near the

farm, remained there until her decease, and was cared for by the defendant. The result of the findings of the referee is, that there was no contract between the plaintiff and defendant with reference to the care and support of Lattis during this period. She had the right to be supported during this period at the expense of the estate represented by the plaintiff, upon the farm. When she was taken to the defendant's home, she could have been taken to the farm, but at her request was taken to the defendant's home and there supported, without any contract or agreement, until her decease. The defendant was her son-in-law. After the decease of her son, it was natural that she should desire to reside with her daughter, the defendant's wife. But such support by the defendant would, without contract, give him no legal claim against her or her estate or the farm of the intestate. The intestate's obligation was not for her support at any other place than on the farm. We need not consider whether he or his estate would be holden for her support if taken sick while on a proper visit away from the farm, and rendered unable to be removed to the farm. The facts found by the referee do not present such a case for consideration. The only question presented for decision is, whether, where the contract is for support at a particular place, and that place is continuously open to receive and support, and the person is able to be carried there and supported, the support at some other place can be charged upon the person bound to support at the particular place, without any contract therefor. We do not think that it can. The contract, under such circumstances, does not provide for the support of Lattis at any other place. To hold that it did would be to disregard it and make a new contract for the parties. It is the duty of the court only to enforce the contract as made. The defendant has no contract rights in regard to the support of Lattis. He can only at most be substituted to the rights of Lattis. By the contract evidenced by the deed, the intestate was bound to support her only on the farm certainly, so long as she was able to be carried to the farm for support. When

she was voluntarily and purposely absent from the farm, without any contract or arrangement with the intestate in regard to her support, and without the default of the intestate, she could not charge the intestate for her support; neither, under such circumstances, could the defendant furnish her support and legally charge it to the intestate. The contract evidenced by the deed does not obligate the intestate to furnish support at another place under such circumstances.

The judgment is affirmed.